[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 97-8637

———————————————

D. C. Docket No. CV 597-6

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/19/03
THOMAS K. KAHN
CLERK

PAUL WOMACK,

Plaintiff-Appellant,

versus

MARVIN RUNYON, JR.,

Defendant-Appellee.

———————————————

Appeal from the United States District Court
for the Southern District of Georgia

———————————————

**(July 28, 1998)**

Before CARNES and HULL, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

Paul Womack filed this action against Marvin Runyon, Postmaster General of the United States Postal Service, charging unlawful discrimination because of his sex in violation of Title VII of the Civil Rights Act of 1964. The United States District Court for the Southern District of Georgia granted Runyon's motion to dismiss. Womack filed this appeal from that final judgment. We affirm.

I. FACTS

Womack is a career employee of the United States Postal Service. Early in 1987, he applied for a position as carrier supervisor at the Waycross, Georgia post office. Womack had prior

supervisory experience and training at the time of his application. In March, 1987, then Supervisor O.M. Lee instructed Womack to begin training a co-employee, Jeanine Bennett. Bennett and another employee, Jerry Johnson, were also candidates for the carrier supervisor position. Although Womack was unanimously selected as best qualified for the post by a review board, Lee, the newly appointed Postmaster in Waycross, selected Ms. Bennett for the assignment.[1] Womack alleges that he only learned that Lee and Bennett had been engaged in a consensual sexual relationship at the time Lee selected Bennett as the carrier supervisor in 1996 just prior to his filing an administrative complaint with the postal service's equal opportunity office.[2]

In January, 1997, Womack filed this action claiming that Lee's failure to select him for the supervisory position constituted unlawful sex discrimination in violation of Title VII.[3] Runyon moved to dismiss on the ground that Title VII did not authorize any relief from an adverse employment decision predicated on the decision-maker's romantic and/or sexual involvement with the successful applicant. The district court agreed and granted the motion to dismiss. Womack appeals from the final judgment.

## II. STANDARD OF REVIEW

We review the dismissal of a complaint for failure to state a claim for relief de novo, accepting all allegations in the complaint as true and construing those allegations in the light most favorable to the plaintiff. Lopez v. First Union National Bank of Florida, 129 F.3d 1186, 1189 (11th Cir. 1997). A complaint may not be dismissed for failure to state a claim unless it appears beyond

---

[1]The defendant does not concede that Lee was the official who selected Bennett for the position. In support of his motion to dismiss, Runyon submitted the "Declaration" of John W. Hill which stated that he "was the selecting official for a relief supervisor position for which Mr. Womack and Mrs. Bennett competed in 1987." (R.1:6, Exh. A). Since this appeal is from the district court's order granting the defendant's motion to dismiss, however, the allegations of the complaint must be taken as true.

[2]That complaint was dismissed as untimely. (R.1:6, Exh. B).

[3]42 U.S.C. § 2000e et seq.

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

## III. DISCUSSION

The sole issue on this appeal is whether preferential treatment based on a consensual relationship between a supervisor and an employee constitutes a cognizable sex discrimination cause of action under Title VII. Womack contends that the affair between Lee and Bennett was a substantial factor, if not the real reason, for Bennett's selection for this promotion. He argues that this rises to the level of unlawful sex discrimination because Bennett's sex was, for no legitimate reason, the basis for Lee's decision to promote her.

The Postmaster contends that the district court correctly concluded that Title VII does not encompass a claim based on favoritism shown to a supervisor's paramour. He likens such favoritism to nepotism and argues that, while perhaps not fair, it is not actionable sex discrimination. He points out that the majority of courts that have considered the matter have rejected such claims.[4]

The leading case in this area is DeCintio v. Westchester County Medical Center, 807 F.2d 304 (2nd Cir. 1986), cert. denied, 484 U.S. 825 (1987). In that case, seven male respiratory therapists sued their employer, maintaining that a woman was selected for a promotion because she was involved in a romantic relationship with the head of the department. The district court concluded that the defendants' actions violated both Title VII and the Equal Pay Act. The United States Court of Appeals for the Second Circuit reversed, holding that the selection of the woman for a position paying a higher salary based upon a consensual romantic relationship with the department head did not state a claim under either statute. The court pointed out that the plaintiffs were in exactly the

---

[4]The Postmaster General also argues that the district court lacked subject matter jurisdiction to entertain Womack's challenge based on Postal Service and other regulations. Since those regulations played no role in the district court's disposition of the case, however, it is not necessary to address that argument.

3

same position as other women who might have applied for the advancement in rank. They were disfavored not because of their sex but because of the decision-maker's preference for his paramour. Id. at 308.

As the Postmaster points out, the great majority of courts which have addressed this question have reached the same result. Thus, in Becerra v. Dalton, 94 F.3d 145 (4th Cir. 1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1087, 137 L.Ed.2d 221 (1997), the United States Court of Appeals for the Fourth Circuit held that allegations that the promoted individual was having sexual relations with the selecting officers did not state a claim for sex discrimination violative of Title VII. See also Taken v. Oklahoma Corporation Commission, 125 F.3d 1366, 1369-70 (10th Cir. 1997)(same); Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1353-54 (7th Cir. 1995)(same, in dicta); Keenan v. Allan, 889 F.Supp. 1320, 1375 n.6 (E.D. Wa. 1995)(same), aff'd, 91 F.3d 1275 (9th Cir. 1996); Thomson v. Olson, 866 F.Supp. 1267, 1272 (D.N.D. 1994)(same), aff'd, 56 F.3d 69 (8th Cir. 1995).

The Equal Employment Opportunity Commission, which is charged with enforcing Title VII, has also reached the same conclusion. In a policy guidance letter issued in 1990, the agency opined that "Title VII does not prohibit ... preferential treatment based upon consensual romantic relationships. An isolated instance of favoritism toward a 'paramour' ... may be unfair, but it does not discriminate against women or men in violation of Title VII, since both are disadvantaged for reasons other than their genders." See EEOC Policy Guidance on Employer Liability Under VII for Sexual Favoritism, EEOC Notice No. 915-048 (January 12, 1990).

Womack relies on the decision of the United States Court of Appeals for the District of Columbia Circuit in King v. Palmer, 778 F.2d 878 (D.C.Cir. 1985), in support of his position. In that case, a nurse at the District of Columbia jail contended that she was passed over for a promotion, despite being better qualified, in favor of a woman who was involved in an intimate

relationship with the Chief Medical Officer. The district court granted judgment in favor of the defendants because the plaintiff failed to offer direct evidence of an explicit sexual relationship. The appellate court found that the plaintiff had met her evidentiary burdens in the case and remanded for entry of a judgment in favor of the plaintiff. At the outset, however, the court noted that the parties agreed that the plaintiff's complaint stated a cause of action cognizable "under statutes prohibiting sex discrimination in employment." In denying rehearing en banc, the court noted that "no party challenged the application of Title VII on appeal, and the issue was not briefed or argued to the panel." Id. at 883. Accordingly, King is not persuasive authority on this question.

Based on the foregoing, we conclude that the district court correctly dismissed Womack's complaint for failure to state a claim. The judgment of the district court is AFFIRMED.