720 So.2d 1290 (1998)
Ruffin J. DUET, Jr.
v.
MARTIN MARIETTA CORPORATION, Thomas L. Hood, Hugh Farabaugh, et al.
No. 98-C-1329
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1998.
Rehearing Denied December 15, 1998.
*1291 Victor R. Farrugia, A Professional Law Corporation, New Orleans, for Respondent.
Barbara Ryniker Evans, Anne E. Bendernagel, Evans & Associates, First NBC Center, New Orleans, for Relator.
Before SCHOTT, C.J., and BARRY and JONES, JJ.
SCHOTT, Chief Judge.
This case is before the court on the grant of certiorari to review a judgment of the trial court overruling relators' exception of prescription and denying their motion for summary judgment with respect to plaintiff's suit for damages for age discrimination, hostile work environment, sexual favoritism, and retaliation. He based his claim on the Louisiana Age Discrimination in Employment Act, LSA-R.S.23:971 et seq. (now found in R.S. 23:312), the Louisiana Discrimination in Employment Act, R.S. 23:1006 et seq. (now found in R.S. 23:331 et. seq.) and the Louisiana Human Rights Act, R.S. 51:2231 et seq. The issue is whether plaintiff carried his burden pursuant to LSA C.C.P. Art. 966(C)(2) to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Because he did not, we reverse the judgment of the trial court and grant relators' motion for summary judgment.
Before discussing the motion for summary judgment, we note that plaintiff filed his suit not only against his former employer, Martin Marietta, but also three individual employees, whom he charges with discrimination and harassment. However, he fails to show how he has a cause of action against these individuals, and his briefs and other documents indicate that he is not seriously asserting a claim against them. In addition, while relators have argued that the trial court erroneously overruled their exception of prescription we need not address this issue in view of our decision on the summary judgment.
Plaintiff was employed by Martin Marietta Corporation (hereinafter referred to as relator) at the NASA Michoud facility for fifteen years when his employment was terminated on January 1, 1993. He claims that his termination was the result of age discrimination and retaliation against him for previously making legitimate complaints about discrimination against him. In October 1990 he had been reduced in grade and in May 1992 he was ranked twenty-sixth on a list of thirty-one employees holding positions comparable to his. He claims that sexual favoritism by one of his supervisors toward a woman *1292 employee on his team created a "hostile environment" for him and made him a victim of sexual harassment which was the reason for his reduction in grade and his low ranking. He also claims that his grade reduction and subsequent passovers for promotion were inconsistent with treatment given to female employees and demonstrated general sexual discrimination by relator.
Numerous depositions were taken along with the production of relator's records. In support of its motion for summary judgment relator demonstrated that plaintiff's reduction in grade was the result of a legitimate business decision to reduce the number of supervisory personnel and to cut costs. Relator also established that plaintiff's termination was the culmination of a reduction in the number of employees that began in 1990 and ultimately reduced the work force from 2000 to 800 employees. These layoffs were dictated by cuts in the space program and by relator's desire to make its operation more efficient. When the time came for the layoffs that included plaintiff, relator had decided to restructure the team plaintiff had been supervising so that the supervisor would have to possess welding skills which plaintiff did not have.
In response to plaintiff motion for summary judgment, plaintiff filed a lengthy affidavit and other documents which the trial court apparently deemed sufficient to demonstrate how plaintiff would prove his case. Our own de novo review of these affidavits convinces us that he failed to carry his burden and relator is entitled to a summary judgment dismissing all of his claims.
We first turn to plaintiff's claim for damage for sexual discrimination. He claims that he was discriminated against and harassed because supervisory personnel were having relationships with various female employees; that these women were not downgraded as he was in 1990; that some of these women were promoted even though they were less qualified than he was; that some were paid as much and more than he was for doing less work and having less responsibility than he had; and that his employment opportunities were adversely affected because he was instructed by his immediate supervisor to discipline a woman on plaintiff's team who was having an affair with another of plaintiff's supervisors.
Plaintiff's allegations are supported by a lengthy affidavit which is short on factual allegations but long on opinions, speculation, suspicion, innuendo, argument, and conclusions. In any event, his general argument that he was the victim of sexual discrimination because some women received favored treatment whether or not in consideration for sexual favors to supervisors is meritless. In Polk v. Pollard, 539 So.2d 675 (La.App. 3 Cir.1989) a woman plaintiff sued for wrongful termination of employment based upon sexual discrimination. She alleged that she was discharged by her supervisor at the request, instigation, or on behalf of the supervisor's girlfriend in exchange for the sexual favors he was receiving. The court noted that the plaintiff was not discharged because she was a woman, and she was not a member of a particular group being discriminated against because of gender. Consequently, she had no cause of action for sex discrimination under Louisiana Law. Similarly, plaintiff fails to show that he was discriminated against because he was a male. He alleges only that certain women were favored because they curried favor with male superiors placing him at a disadvantage. This may seem unfair to plaintiff, but he fails to show where the law affords him a remedy for his predicament. This is exactly what the court held in Womack v. Runyon, 147 F.3d 1298 (11 Cir.1998); that preferential treatment based upon a consensual relationship between a supervisor and an employee does not constitute a cognizable sex discrimination cause of action under federal law.
The other part of plaintiff's claim based upon sexual discrimination stems from his allegation that he was placed in a hostile environment, pressured and "put in the middle" because he was required by his supervisor to monitor the attendance and performance of a woman employee on his team when she was in a sexual relationship with her manager. This entire scenario, which was denied by everyone else concerned, is supported only by plaintiff's affidavit. Nothing more than a subjective impression is *1293 established by him. He provides no factual support for his theory that this situation caused or contributed to his demotion, his low ranking, or his failure to be promoted. Significantly, in his deposition plaintiff admitted that this woman was a good employee to whom he had given satisfactory performance ratings.
Having disposed of plaintiff's sex discrimination claims, we turn to those based upon age discrimination. In order to make out a prima facie case of age discrimination, a plaintiff must show that he is in a protected class, he was qualified for the job, and employees outside the class were favored; the burden is then on the defendant to articulate a legitimate non discriminatory reason for favoring another over plaintiff; and then the burden is on plaintiff to show that the reason was pretextual. Taylor v. Oakbourne Country Club, 95-388 (La.App. 3 Cir. 10/4/95) 663 So.2d 379. When an employee is laid off as a result of a reduction in force, he must establish that he was qualified to assume another position at the time of his discharge. Woodhouse v. Magnolia Hosp., 92 F.3d 248 (5 Cir.1996). However, the employee must have more than his own subjective speculation that he was qualified or that those who were not laid off were less qualified than he. Nichols v. Loral Vought Systems Corp., 81 F.3d 38 (5 Cir.1996).
Plaintiff was fifty-two years old at the time he was laid off by relator, and he was replaced by a younger employee. Relator's evidence established that the basis for the replacement was that the younger man, Thomas Kilroy, had welding experience that Duet lacked. Robert Hieter, relator's vicepresident, testified that there were no openings for which Duet was qualified at the time of the layoff. Thomas Hood, plaintiff's supervisor, who was older than plaintiff, testified that plaintiff had become inattentive to his job and was overdelegating his duties. He also stated that welding skills had become more important and that plaintiff lacked these skills.
As stated previously, relator established that plaintiff's layoff was a part of a huge reduction in force that included over 1000 employees. Plaintiff's affidavit would focus on a small group of ten employees to show a disproportionate number of employees laid off who were over forty years of age. One of the documents in the record is a list of over 150 employees, including plaintiff, laid off between December 18, 1992, and June 11, 1993. Suffice it to say that the ages of the persons on this list range between 63 and 25. It would be sheer speculation for a court to conclude from this kind of evidence that age discrimination is proven.
Plaintiff sought to establish his case by showing that he had gotten good performance ratings in the past, by his subjective opinion that he was better qualified than others who were not laid off, and by his own subjective disagreement with management decisions as to how his old team should be restructured. As Robert Heiter put it, those who were laid off were all good employees, but they were compelled to make these cuts. It seems obvious that the implementation of a reduction in force of this magnitude required hundred of difficult choices. Nothing in the record, and nothing in the way of facts presented by plaintiff, tends to prove that any of those choices were the result of age discrimination.
This case is the kind that summary judgment procedure is designed for - "to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. Art. 966(A)(2). Plaintiff believes that he was unfairly treated by his employer because he was better qualified than other employees who were not demoted, were ranked higher than he, and were not discharged. He blames it all on discrimination because of his gender and his age, but he is unable to provide any factual support for his theory whatsoever.
His burden under La. C.C.P. Art. 966(C)(2) was to produce factual support sufficient to satisfy his evidentiary burden of proof at trial. Unfounded assertions, conclusory allegations and subjective opinions do not satisfy this burden. Consequently, relators were entitled to summary judgment and the trial court erred in denying their motion.
Accordingly, the judgment of the trial court is reversed, the motion for summary *1294 judgment is granted, and plaintiff's suit is dismissed at his cost.
REVERSED AND RENDERED.