Cara HOOD, Plaintiff,

v.

**KAPLAN EDUCATIONAL CENTER, LTD., Defendant.**

**No. 3:99CV00451 GLG.**

United States District Court,
D. Connecticut.

July 26, 1999.

John R. Williams, Williams, Polan & Pattis, New Haven, CT, for Plaintiff.

Victoria Radd Rollins, Mary–Rose Papandrea, Williams & Connolly, Washington, DC, Thomas J. Murphy, Cowdery & Ecker, Hartford, CT, for defendant.

### *Memorandum Decision*

GOETTEL, District Judge.

Pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P., defendant Kaplan Educational Centers, Inc., moves to dismiss plaintiff's complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted **[Doc. # 11]**. In her complaint, plaintiff Cara Hood alleges that defendant discriminated against her on the basis of sex, age and sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn.Gen.Stat. § 46a–60 *et seq.* For the reasons set forth below, defendant's motion to dismiss will be granted.

### *FACTS*

Plaintiff is over the age of 40, female, and a lesbian. (Pl.'s Compl. ¶ 5). Plaintiff had been employed by defendant in various capacities for approximately three years. (Pl.'s Compl. ¶ 7). In March 1997, she was named manager of defendant's New Haven Center. (Pl.'s Compl. ¶ 8). On September 23, 1997, she was terminated from that position without any statement of reasons. (Pl.'s Compl. ¶ 9). In late January 1998, plaintiff was replaced by a male, under the age of 40, who "became the lover of ... plaintiff's immediate su-

pervisor." (Pl.'s Compl. ¶¶ 10, 11). Plaintiff alleges that she was terminated "because she was not considered available or of interest as a lover by [her supervisor], because of her sex, age and sexual orientation." (Pl.'s Compl. ¶ 12). Thus, she asserts that "[i]n the manner aforesaid, the defendant has discriminated against the plaintiff in her employment because of her sex, because of her age, and because of her sexual orientation, and has engaged in conduct which it knew or should have known would case the plaintiff to suffer emotional distress." (Pl.'s Compl. ¶ 13).

## DISCUSSION

Defendant argues that plaintiff's complaint should be dismissed under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim for discrimination because an allegation that a supervisor favored another employee as a romantic interest does not state a claim for discrimination and because Title VII and the CFEPA do not prohibit discrimination on the basis of sexual orientation. Defendant asserts that plaintiff's CFEPA claims should be dismissed under Rule 12(b)(1) because plaintiff's discrimination charge was not timely filed with the CCHRO.

We begin by quickly disposing of plaintiff's discrimination claims on the basis of sexual orientation. Plaintiff has conceded that "the allegations of her complaint are facially insufficient to establish a claim of sexual orientation [discrimination] under state law. She has made no such claim under federal law. Accordingly the supplementary law claim of sexual orientation discrimination may be dismissed." (Pl.'s Mem. in Opp. to Mot. to Dismiss at 2). We agree and dismiss those claims.

With respect to plaintiff's federal and state law claims of gender and age discrimination, plaintiff has alleged no more than that she was a female, over age 40, that she was terminated and that she was subsequently replaced by a male, under the age of 40. She claims that, five months after her termination, this individ-

ual became her former supervisor's lover and, hence, one must assume that she was terminated because of her sex and age. Defendant maintains that these allegations are insufficient to state a claim under Title VII or the CFEPA.

■ With respect to plaintiff's federal and state claims of gender discrimination, plaintiff must allege (1) that she belongs to a protected class; (2) that she was performing her duties satisfactorily; (3) that she was discharged; and (4) that her discharge occurred in circumstances giving rise to an inference of discrimination on the basis of her membership in that class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir.1998). The same analytical framework applies in assessing claims under the ADEA. *Austin v. Ford Models, Inc.*, 149 F.3d 148, 152 (2d Cir. 1998). Defendant agrees that plaintiff has met the first and third elements. The parties disagree as to whether plaintiff has sufficiently alleged the second and fourth.

■ As defendant correctly points out, plaintiff has failed to allege that she was qualified for the position from which she was terminated. She simply alleges that she was promoted and six months later was terminated. However, even if we were to find that one could infer that she was qualified for the position simply by virtue of the fact that she held the position for six months, plaintiff also has not alleged that her termination occurred under circumstances which would give rise to an inference that it was based upon her gender or age.

The Second Circuit has made clear that "[v]oluntary, romantic relationships cannot form the basis of a sex discrimination suit under ... Title VII." *DeCintio v. Westchester County Med. Ctr.*, 807 F.2d 304, 308 (2d Cir.1986), *cert. denied*, 484 U.S. 825, 108 S.Ct. 89, 98 L.Ed.2d 50 (1987); *see also Womack v. Runyon*, 147 F.3d 1298, 1299–1301 (11th Cir.1998) (affirming dismissal of sex discrimination claim where

plaintiff alleged he was denied a promotion due to favoritism shown to supervisor's alleged paramour); *Taken v. Oklahoma Corp. Comm'n,* 125 F.3d 1366, 1370 (10th Cir.1997) (holding that plaintiff failed to state a claim for sex discrimination where plaintiff alleged only that supervisor preselected his paramour for a position even though she was less qualified). As *DeCintio* makes clear, the circumstances alleged by plaintiff do not give rise to an inference of discrimination. To paraphrase *DeCintio,* in such circumstances, plaintiff faces exactly the same predicament as that faced by any other female or male applicant for the position: No one but the employee's romantic interest could be considered for the position because of his special relationship to the supervisor. *DeCintio,* 807 F.2d at 308.

Indeed, in this case, according to the allegations of the complaint, plaintiff does not even allege that at the time she was discharged, the supervisor's relationship with her replacement was a factor in her termination. She alleges that the supervisor's relationship with her replacement did not commence until five months after plaintiff was terminated. Moreover, plaintiff does not even allege that her replacement was less qualified than she was for the position. It is difficult to conceive of circumstances under which this relationship that developed five months *after* plaintiff's termination could give rise to an inference that plaintiff's gender was the basis for her discharge. Plaintiff certainly has not alleged anything from which this inference could be drawn. Plaintiff's age discrimination claim fails for the same reason.

Accordingly, we find that plaintiff has failed to state a claim under Title VII or the CFEPA for age or sex discrimination and GRANT defendant's motion to dismiss [Doc. # 11].

**SO ORDERED.**