[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 13, 2000
THOMAS K. KAHN
CLERK

_____

No. 99-13681
Non-Argument Calendar
_____

D. C. Docket No. 97-03284-CV-PAS


JOSEPH SUCCAR,

                                        Plaintiff–Appellant,

                    versus

DADE COUNTY SCHOOL BOARD,
d.b.a. Dade County Public Schools,

                                        Defendant–Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(October 13, 2000)**


Before EDMONDSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

The single issue raised in this appeal is whether harassment inflicted upon an employee by a co-worker with whom that employee had a consensual sexual relationship is actionable under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, under a "hostile work environment" theory of recovery. We agree with the district court and hold that, under the circumstances of this case, it is not.

## I.  BACKGROUND AND PROCEDURAL HISTORY

In 1995, Defendant-Appellee Dade County School Board (the "School Board") hired Plaintiff-Appellant Joseph Succar as a full-time teacher.  In that same year, Succar, who was married, commenced a consensual sexual relationship with Clemencia Lorenz, a fellow teacher.  Near the end of the one-year relationship, Lorenz began making threatening overtures towards Succar's wife and son; in response, Succar's wife obtained a restraining order against Lorenz.  Thereafter, the relationship between Succar and Lorenz deteriorated rapidly and eventually ended.

Lorenz's behavior towards Succar following the termination of their relationship was at best acrimonious.  She verbally and physically harassed Succar

2

and sought to embarrass him in front of colleagues and students.  Succar insists that he did nothing to encourage this behavior and took steps to quell it, including avoiding Lorenz whenever possible and reporting the incidents to the school's principal.  Succar maintains that the principal took insufficient steps to remedy the situation, thereby allowing the harassment to continue unabated.

After exhausting his administrative remedies, Succar filed a complaint with the district court pursuant to Title VII in which he alleged "hostile work environment" sexual harassment.  The School Board subsequently filed a motion for summary judgment, which the district court granted.

## II.  STANDARD OF REVIEW

We review *de novo* a district court's grant of summary judgment, applying the same standards as the district court.  Harris v. H & W Contracting Co., 102 F.3d 516, 518 (11th Cir. 1996).  Summary judgment is only appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In reviewing a grant of summary judgment, we view all the evidence in the light most favorable to the party opposing the motion.  Harris, 102 F.3d at 518.

# III. ANALYSIS

To establish a claim of "hostile work environment" sexual harassment, a plaintiff-employee must allege and eventually prove five elements: (1) that the employee belongs to a protected group; (2) that the employee was subjected to unwelcome harassment; (3) that the harassment was based on the employee's sex; (4) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to intervene. See Henson v. City of Dundee, 682 F.2d 897, 903-05 (11th Cir. 1982). After reviewing the record and the well-reasoned order of the district court, we agree with the district court's conclusion that Succar failed to establish the third element, that is, that his sex was the underlying reason for the harassment he allegedly suffered.

Although this court has not previously addressed a factual scenario similar to the one presented here, we have observed that "Title VII prohibits discrimination; it is not a shield against harsh treatment at the work place. Personal animosity is not the equivalent of sex discrimination . . . . The plaintiff cannot turn a personal feud into a sex discrimination case . . . ." McCollum v. Bolger, 794 F.2d 602, 610 (11th Cir. 1986) (footnote and internal quotation marks omitted). We do not

disregard this precept of sexual harassment law simply because the plaintiff and the alleged harassing party had a past sexual relationship. Regardless of the factual context, our analysis focuses only on whether the complaining employee was targeted because of his or her gender. See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80, 118 S. Ct. 998, 1002 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at 'discriminat[ion] . . . because of . . . sex.'"); DeCintio v. Westchester County Med. Ctr., 807 F.2d 304, 306-07 (2d Cir. 1986) (sexual harassment must be "based on a person's sex, not his or her sexual affiliations"); Heubschen v. Department of Health & Soc. Servs., 716 F.2d 1167, 1172 (7th Cir. 1983) (no liability for sexual harassment where supervisor's "motivation [for recommending that plaintiff be terminated] was not that [plaintiff] was male, but that he was a former lover who had jilted her").

Viewing the undisputed material facts in the light most favorable to Plaintiff, we agree with the district court's finding that Ms. Lorenz's harassment of Plaintiff was not the result of Plaintiff's gender "'but of responses to an individual because of her former intimate place in [that individual's] life." Succar v. Dade County Sch. Bd., 60 F. Supp. 2d 1309, 1315 (S.D. Fla. 1999) (quoting Keppler v Hinsdale Township High Sch. Dist. 86, 715 F. Supp. 862, 869 (N.D. Ill. 1989). In other

words, Lorenz's harassment of Succar was motivated not by his male gender, but rather by Lorenz's contempt for Succar following their failed relationship; Succar's gender was merely coincidental.

## III. CONCLUSION

For the forgoing reasons, we AFFIRM the district court's grant of summary judgment in favor of the School Board.