# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 00-30530
No. 00-31118

CATHRYN GREEN,

Plaintiff-Appellant-Cross-Appellee,

versus

THE ADMINISTRATORS OF THE TULANE
EDUCATIONAL FUND,

Defendant-Appellee-Cross-Appellant.

--------------------------------------------------------------------------------------------------------------------

CATHRYN GREEN,

Plaintiff - Appellee,

versus

THE ADMINISTRATORS OF THE TULANE
EDUCATIONAL FUND, ET AL.,

Defendants,

THE ADMINISTRATORS OF THE TULANE
EDUCATIONAL FUND,

Defendant - Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana

April 26, 2002

## ON PETITION FOR REHEARING AND REHEARING EN BANC

(Opinion March 15, 2002, 5th Cir., 2002, 284 F.3d 642)

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The defendant-appellee-cross-appellant's (The Administrators of the Tulane Educational Fund) Petition for Rehearing is DENIED. In denying rehearing, we correct an error found in Part V of the opinion. Part V of the opinion is withdrawn and the following section is substituted therefor. In all other respects, the Petition for Panel Rehearing is DENIED. Furthermore, no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED. R. APP. P. and 5TH CIR. R. 35) the Petition for Rehearing En Banc is DENIED.

V.

Tulane argues that Green did not demonstrate that a tangible employment action occurred. As such, it concludes that it is entitled to the affirmative defense set forth in the companion cases of Faragher v. City of Boca Raton, 524 U.S. 775, 805 (1998), and Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998).[4] Tulane maintains that a "tangible employment action in most cases inflicts direct economic harm." Ellerth, 524 U.S. at 762. It concludes that since Green's demotion did not inflict economic harm, it cannot be a tangible employment action.

While Tulane is correct that Ellerth acknowledged that in most cases a tangible employment action inflicts economic harm, the Supreme Court did not state that loss of an economic benefit was required in all cases. We conclude that Green's demotion, together with the substantial diminishment

---

[4] The affirmative defense set forth in Faragher and Ellerth is comprised of two necessary elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." Faragher, 524 U.S. at 805; Ellerth, 524 U.S. at 765.

2

of her job responsibilities, was sufficient to constitute a tangible employment action. Ellerth, 524 U.S. at 761 (stating that a tangible employment action has been taken when an individual has been "reassigned with significantly different [job] responsibilities"); see also Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 886 (6th Cir. 1996) (recognizing that "significantly diminished material responsibilities" might constitute a tangible employment action but concluding, on the facts of the case, that the plaintiff could not show a tangible employment action where she failed to show that her duties were "materially modified"). Once a tangible employment action has been found, an employer is not entitled to the Faragher/Ellerth defense. Therefore, we do not need to address Tulane's contentions with regard to the affirmative defense.[5]

---

[5] We are not persuaded by Tulane's argument that because this action was tried as a hostile work environment case, it is entitled to the Faragher/Ellerth defense under Casiano v. AT&T Corp., 213 F.3d 278 (5th Cir. 2000). Casiano provides that if a tangible employment action is taken, a case is normally characterized as a quid pro quo claim and the Faragher/Ellerth defense is not applicable. 213 F.3d at 283-84. Casiano also states that if no tangible employment action is taken, a case is viewed as a hostile environment claim, and the Faragher/Ellerth defense is available. Id. at 284. However, Casiano does not address the situation presented in the instant action. Before us today, we have a case that was tried as a hostile work environment claim but a tangible employment action was proven. We conclude that, in such a case, a defendant is not entitled to the Faragher/Ellerth defense. In Ellerth, the Supreme Court noted that the terms quid pro quo and hostile work environment, while helpful, are not dispositive. Ellerth, 425 U.S. at 751. Instead, the Court focused on when an employer should be held vicariously liable for the actions of its supervisory employee. Id. at 753-54. The Court found that when a plaintiff proves a tangible employment action, a change in the terms or conditions of employment has been established. Id. It further concluded that when such an action occurs, there is assurance that the injury could not have been inflicted absent an agency relation. Id. at 761-62. Finally, the Court held that a tangible employment action becomes the act of an employer under Title VII. Id. at 762. No affirmative defense is available under these circumstances. Id. at 762, 765. Thus, regardless of which theory this case was tried as, since a tangible employment action was suffered, agency principles are satisfied, and Tulane is not entitled to the defense.