NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-965


ELLA MAE LEDAY

VERSUS

VILLE PLATTE HOUSING AUTHORITY, ET AL.


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 63773-B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**John Powers Wolff, III**
**Kyle Ferachi**
**Keogh, Cox & Wilson**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**Counsel for Defendant/Appellee:**
**Ville Platte Housing Authority**

**Barry Louis Domingue**
**Simon Law Offices**
**P. O. Box 52242**
**Lafayette, LA 70505**
**(337) 232-2000**
**Counsel for Plaintiff/Appellant:**
**Ella Mae Leday**

**EZELL, JUDGE.**

In this matter, Ella Leday appeals the decision of the trial court, granting summary judgment in favor of the Ville Platte Housing Authority (VPHA).  For the following reasons, we affirm the decision of the trial court.

Ms. Leday filed this suit, alleging that between August 1998 and September, 1999, she sustained injuries as a result of sexual harassment and discrimination while employed by the VPHA.  In a previous summary judgment, Ms. Leday's state law claims were dismissed.  However, this court ruled that she still retained her rights to file suit under Title VII of the Civil Rights Act of 1964.  The VPHA then filed another motion for summary judgment, claiming that it was not an "employer" under the federal statute, as it employed too few workers to be covered by Title VII. Initially, the trial court denied the motion for summary judgment, concerned with the relationships between the VPHA and the United States Department of Housing and Urban Development (HUD) and with the City of Ville Platte.  After additional discovery, the VPHA resubmitted its motion for summary judgment with additional evidence.  The trial court then granted the VPHA's motion for summary judgment. From this decision, Ms. Leday appeals.

Ms. Leday asserts one assignment of error on appeal–that the trial court erred in granting summary judgment in favor of the VPHA.  We disagree.

As noted in *Sidwell v. Horseshoe Entertainment Ltd. Partnership*, 35,718, pp. 2-3 (La.App. 2 Cir. 2/27/02), 811 So.2d 229, 230-31:

> The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law;  the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); *Yarbrough v. Federal Land Bank of Jackson*, 31,815 (La.App.2d Cir.03/31/99), 731 So.2d 482.  The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that

1

the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); *Leckie v. Auger Timber Co.*, 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459. The burden of proof remains with the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, then that party need not negate *all* essential elements of the adverse party's claim, action, or defense but may simply point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact. *See*, La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.

Appellate courts review summary judgments de novo under the same criteria that govern a district court's consideration of whether summary judgment is appropriate. *Kennedy v. Holder*, 33,346 (La.App.2d Cir.05/10/00), 760 So.2d 587.

In order to be liable under Title VII a defendant must fall within the statutory definition of employer and exercise substantial control over significant aspects of the compensation, terms, conditions, or privileges of plaintiff's employment. *Magnuson v. Peak Tech. Servs., Inc.*, 808 F.Supp. 500 (E.D.Va.1992), *aff'd without opinion*, 40 F.3d 1244 (4th Cir. 1994). Under 42 U.S.C. § 2000e(b) (emphasis added) an employer means "a person engaged in an industry affecting commerce who has *fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." (Emphasis added). It is clear that the VPHA had only eight to ten employees throughout the time in question. Therefore, to proceed with her claim, Ms. Leday is attempting to aggregate this number with that of either HUD or the City as integrated enterprises.

Under the "single employer" test of *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5 Cir. 1983), the factors this court should consider in determining whether the

2

VPHA and either HUD or the City are integrated enterprises are: (1) interrelation of operations, (2) centralized control of labor or employment decisions, (3) common management, and (4) common ownership or financial control. This analysis ultimately focuses on the question of whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation. *Trevino*, 701 F.2d 397.

It is clear from the record that neither HUD nor the City had any control over the VPHA. The mayor of Ville Platte appointed members to the Board of Directors of the VPHA, but, otherwise had no control over the agency. He testified that he did not attend board meetings, did not participate in the business of the VPHA, nor did he exercise any control, whatsoever, over the hiring and firing of VPHA employees. The City was not responsible for any debts or liabilities of the VPHA, and no employees of the agency were paid from the City's general fund. Eldridge Hickerson, the current Executive Director of the VPHA, similarly stated that he had sole authority over employment decisions and that the VPHA received no monetary contributions from the City. He further attested that the only money the VPHA received from HUD was in the form of grants and that HUD, like the City, exercised no control over any employment decisions the VPHA made. Likewise, the affidavit of Cheryl Williams, a representative for HUD with personal knowledge of the relationship between HUD and the VPHA, attested that the VPHA is not now, and never has been, a subsidiary of HUD.

To the contrary, Ms. Leday offers no evidence whatsoever, other than her own affidavit, which is conclusory and speculative at best, and conjecture that the Mayor of Ville Platte could strong-arm VPHA board members.[1] Competent summary

---

[1] Ms. Leday asserts that a response to an EEOC request for information amounted to a judicial admission that the VPHA was a HUD subsidiary, thereby allowing the employees of the VPHA and

3

judgment evidence does not consist of conclusory allegations. *Duet v. Martin Marietta Corp.*, 98-1329 (La.App. 4 Cir. 11/10/98), 720 So.2d 1290, *writ denied*, 99-126 (La. 3/19/99) 740 So.2d 112. Ms. Leday's burden under La.Code Civ.P. art. 966(C)(2) was to produce factual support showing the existence of a genuine issue as to the VPHA's employer status. She failed to do so. Without meeting the threshold requirement of showing that her employer employed fifteen people, Ms. Leday cannot pursue her Title VII claim. Accordingly, the trial court was correct in granting the VPHA's motion for summary judgment.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are assessed against Ms. Leday.

**AFFIRMED.**

THIS OPINION NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 1-16.3, Uniform Rules, Court of Appeal.

---

HUD to be aggregated for purposes of reaching the required number for this suit to go forward. However, the statement was not made as part of a judicial proceeding and was neither sworn nor verified. It in no way qualifies as a judicial admission. Moreover, testimony by HUD representative Cheryl Jenkins establishes this allegation to be incorrect.

4