JUSTICE LEAPHART,
specially concurring.
¶30 I write separately to note that I am inclined to agree with Lowther that there is a distinction between harassment based upon “gender” as opposed to personal animus stemming from a “failed relationship.” The majority of federal courts recognize such a distinction. See e.g. Mosher v. Dollar Tree Stores, Inc., 240 F.3d 662, 668 (7th Cir. 2001) (“[A]fter a longtime sexual relationship like this one goes sour, it will be only the unusual case that can escape summary judgment.”); Excel Corp. v. Bosley, 165 F.3d 635, 641 (8th Cir. 1999) (J. Loken, concurring) (writing separately to distinguish between personal animus from discrimination because of gender). See also Succar v. Dade County School Bd., 229 F.3d 1343, 1345 (11th Cir. 2000) (holding the “harassment... was motivated not by his male gender, but rather by [the former lover’s] contempt for [plaintiff] following their failed relationship; [plaintiffs] gender was merely coincidental.”); accord Pipkins v. City of Temple Terrace, Fla., 267 F.3d 1197, 1200 (11th Cir. 2001); but see Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183 (11th Cir. 2001). However, that distinction hinges upon a fact-intensive inquiry. Here, Lowther does not challenge the agency’s finding that he gave Williams an ultimatum which was “sexual” in *405 nature; that is, resume the sexual relationship or be fired. Since Lowther has not challenged that finding, he is unable to effectively contest the conclusion that his offer was a quid pro quo sexual harassment. Accordingly, I concur.