**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 1 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DOROTHY A. TAKEN; TAWANA A. WHITE,

      Plaintiffs-Appellants,

v.

OKLAHOMA CORPORATION COMMISSION, a political subdivision of the State of Oklahoma,

      Defendant-Appellee.

No. 96-6312

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-95-1407-A)

---

Submitted on the briefs:

Frederick W. Southern, Jr., Oklahoma City, Oklahoma, for Plaintiffs-Appellants.

Rachel Lawrence Mor, Oklahoma Corporation Commission, Office of General Counsel, Oklahoma City, Oklahoma, for Defendants-Appellees.

---

Before KELLY and HENRY, Circuit Judges, and DOWNES,[*] District Judge.

---

      [*]     Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

DOWNES, District Judge.

————————————

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's entry of summary judgment in defendant's favor on their claims of race and sex discrimination brought pursuant to Title VII, 42 U.S.C. §§ 2000e through 2000e-17. See Taken v. Oklahoma Corp. Comm'n, 934 F. Supp. 1294 (W.D. Okla. 1996). Plaintiffs, who are white, claim they were not selected for a promotion that was awarded to an unqualified black woman because she was romantically involved with the person who made the promotion decision, a black man.

We review the grant of summary judgment de novo, applying the same standard as the district court. See Notari v. Denver Water Dep't, 971 F.2d 585, 587 (10th Cir. 1992). Summary judgment is appropriate where there are no genuinely disputed material facts and the moving party is entitled to a judgment as a matter of law. See United States v. Sackett, 114 F. 3d 1050, 1051 (10th Cir. 1997). We review the record in the light most favorable to the party opposing summary judgment. See id.

-2-

For their race discrimination claim, plaintiffs allege that Bill Burnett, a black man, promoted Tansy Preston, a black woman, even though plaintiffs were more qualified for the position than Ms. Preston. According to plaintiffs, the reason for promoting Ms. Preston was her romantic relationship with Mr. Burnett. A committee comprised of two white men and Mr. Burnett made the decision to promote Ms. Preston.

Title VII protects members of both majority and minority groups from race-based discrimination. See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 278-80 (1976). Generally, a prima facie case of race discrimination under Title VII requires a plaintiff to show (1) that she is a member of a racial minority, (2) that she applied and was qualified for a vacant job, (3) that despite her qualifications she was rejected, and (4) that the employer continued to seek applicants with plaintiff's qualifications. See Notari, 971 F.2d at 588 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

Here, because plaintiffs are members of a historically favored group, they are not entitled to the McDonnell Douglas presumption --"that is, the presumption that unless otherwise explained, discrimination is more likely than not the reason for the challenged decision" -- unless they demonstrate the existence of "background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." Notari, 971

-3-

F.2d at 589; accord Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1534 (10th Cir. 1995). Plaintiffs did not attempt to make this showing, claiming instead that they were not required to do so because both the decision-maker and the person promoted are black. We need not address whether a white plaintiff is relieved of her obligation to show the requisite background circumstances where discrimination is perpetrated by members of a different race because, here, plaintiffs failed to show that the employment decision was made solely by non-whites. See Taken, 934 F. Supp. at 1296 (district court's unchallenged finding that promotion committee was comprised of two white men and one black man).

Although plaintiffs failed to make a prima facie case under McDonnell Douglas, they can demonstrate that they were victims of reverse race discrimination by "direct evidence of discrimination, or indirect evidence sufficient to support a reasonable probability, that but for the plaintiff[s'] status the challenged employment decision would have favored the plaintiff[s]." Notari, 971 F.2d at 590. Under this alternative formulation, it is not enough to allege that a plaintiff was qualified and that someone of a different race was promoted. See id. Rather, the plaintiff must allege and produce evidence sufficient to support a reasonable inference that but for the plaintiff's status, the challenged decision would not have occurred. See id.

-4-

Plaintiffs allege that Mr. Burnett's racial motivation to promote Ms. Preston was demonstrated by his statements that "someone has to look after these black girls," and that a lesser position than the one awarded "would not be a promotion for Tansy [Preston]." Plaintiffs "must demonstrate a nexus exists between these allegedly discriminatory statements and [the decision not to promote either plaintiff]." Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994). The statements do not refer to either of the plaintiffs, or to the challenged promotion decision. Also, the evidence does not support an inference that but for plaintiffs' status as whites, one of them would have been promoted. See Notari, 971 F.2d at 590. Therefore, we determine that plaintiffs failed to present a prima facie case of race discrimination under Title VII.

We turn to plaintiffs' sex discrimination claim. Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Little legislative history exists on Title VII's prohibition against discrimination based on sex, because the prohibition was included in Title VII shortly before passage. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 63-64 (1986). The principal goal of Title VII is to eliminate discrimination in employment based on differences of race, color,

religion, sex or national origin. See Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 71 & n.6 (1977). Therefore, we hold that Title VII's reference to "sex" means a class delineated by gender, rather than sexual affiliations. See Los Angeles Dep't of Water & Power v. Manhart, 435 U.S. 702, 707 n.13 (1978) (Title VII intended to eliminate disparate treatment of men and women). In so holding, we join the other circuits that have addressed this issue. See Becerra v. Dalton, 94 F.3d 145, 149-50 (4th Cir. 1996) (no sexual discrimination under Title VII even if supervisor granted plaintiff's coworker job benefits in exchange for sexual favors from coworker), cert. denied, 117 S. Ct. 1087 (1997); Miller v. Aluminum Co. of Am., 679 F. Supp. 495, 501 (W.D. Pa.) ("[P]referential treatment on the basis of a consensual romantic relationship between a supervisor and an employee is not gender-based discrimination."), aff'd mem., 856 F.2d 184 (3d Cir. 1988); DeCintio v. Westchester County Med. Ctr., 807 F.2d 304, 306-07 (2d Cir. 1986) ("The proscribed differentiation under Title VII . . . must be a distinction based on a person's sex, not on his or her sexual affiliations."); cf. Ellert v. University of Tex., 52 F.3d 543, 546 (5th Cir. 1995) (claim that plaintiff was discharged due to her knowledge of affair between supervisor and another employee was not within Title VII's ambit because employment decision did not rely on gender).

Plaintiffs cite King v. Palmer, 778 F.2d 878 (D.C. Cir. 1985), to support their sex discrimination claim. King is distinguishable. There, the court ruled on the type of evidence required to establish discrimination, see id. at 880-82, but did not examine "whether Title VII affords a claim for relief for sex-based discrimination to a woman who alleges that she was denied a promotion in favor of another woman who had a sexual relationship with their supervisor," because that issue was not presented on appeal, id. at 883; see also Candelore v. Clark County Sanitation Dist., 975 F.2d 588, 591-92 (9th Cir. 1992) (Kleinfeld, J., concurring) (pointing out that majority decision in that case does not address whether plaintiff would have stated a claim of sex discrimination if she "had provided cognizable evidence that a coworker received benefits [plaintiff] did not because the coworker had an affair with a supervisor").

Here, plaintiffs do not claim that they were denied employment benefits for their refusal to submit to sexual advances. They have not shown that they were subjected to a hostile working environment; indeed, they did not work with either Mr. Burnett or Ms. Preston. Rather, they assert that their employer is liable under Title VII solely because a supervisor preselected his paramour for a promotion even though she was less qualified than either plaintiff. Taking plaintiff's allegations as true, we conclude that they do not state a claim for relief under Title VII because they are based on a voluntary romantic affiliation, and not on

any gender differences. Plaintiffs were in the same position as all men and all other women would have been -- only Ms. Preston was considered for the promotion because of her special relationship with Mr. Burnett. See DeCintio, 807 F.2d at 308. Favoritism, unfair treatment and unwise business decisions do not violate Title VII unless based on a prohibited classification. Cf. EEOC v. Flasher Co., 986 F.2d 1312, 1319 (10th Cir. 1992) ("Title VII does not make . . . irrational employment [decisions] illegal."). Because we decline to extend Title VII to include consensual romantic involvements, we conclude that the promotion was not based on a prohibited classification.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.