**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PETER LEUNG,

Plaintiff-Appellant,

v.

LABONE, INC.,

Defendant-Appellee.

No. 97-3016
(D.C. No. 96-CV-2037)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before ANDERSON, McKAY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Peter Leung appeals from the district court's grant of summary judgment to his employer, defendant LabOne, Inc., on his claims that defendant discriminated against him on account of his race and his age, in violation of 42 U.S.C. § 1981 and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiff was born in Hong Kong in 1943 and is of Chinese descent. He has been in the United States since 1965, and has been a naturalized citizen since 1989. He was forty-nine years old at the beginning of the events complained of here. He applied for two promotions with defendant, but other candidates were selected. He desired a third promotion, but did not apply for this position because he believed defendant had discriminated against him in their selection of other people for the other two jobs, and that applying for the third promotion would be futile.

Plaintiff filed suit, alleging race and age discrimination. In its motion for summary judgment, defendant conceded that plaintiff had made out a prima facie case of discrimination with respect to the two jobs he had actually applied for, and the district court determined that plaintiff had failed to make out a prima facie case with respect to the position he had not applied for. Defendant claimed that it chose other candidates to fill the first two positions because they were better qualified than plaintiff, and that it did not choose plaintiff for the third

position because he did not apply for that job. The district court found that plaintiff had failed to show that defendant's offered reasons for choosing other candidates for promotion were pretextual, and concluded that he had failed to demonstrate the existence of any genuine factual issue of either race or age discrimination to be tried. The court therefore granted summary judgment to defendant.

"We review the grant of summary judgment de novo, applying the same standard as the district court." Taken v. Oklahoma Corp. Comm'n, 125 F.3d 1366, 1368 (10th Cir. 1997). "[S]ummary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (quoting Fed. R. Civ. P. 56(c)). "We review the record in the light most favorable to the party opposing summary judgment." Taken, 125 F.3d at 1368.

On appeal, plaintiff contends the district court erred: (1) in allowing defendant to amend its affidavits without giving plaintiff an opportunity to respond before ruling on the summary judgment motion; (2) in deciding that he had failed to establish a prima facie case of race or age discrimination with

respect to the position he had not applied for; and (3) in concluding that he had failed to demonstrate the existence of a triable factual issue as to pretext.

Fed. R. Civ. P. 59(e) gives district courts discretion to allow amendment or supplementation of affidavits, and we would review the district court's decision to allow amendment for abuse of discretion. Plaintiff gives no indication that he raised this issue in the district court, however, and the issue is therefore waived on appeal. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (holding issue not raised in district court is waived on appeal); 10th Cir. R. 28.2(b) (stating appellant must show where in the record each issue was raised and ruled upon by the district court).

Otherwise, we have carefully reviewed the record and the parties' briefs on appeal. We find no error, and affirm for substantially the same reasons as those set forth in the district court's Memorandum and Order dated December 23, 1996.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-4-