**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DIANA NEZ,

      Plaintiff-Appellant,

v.

BHP NAVAJO COAL COMPANY,

      Defendant-Appellee.

No. 05-2265
(D.C. No. CIV-04-444-BRB-RLP)
(D. N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

Diana Nez alleges that her former employer, BHP Navajo Coal Company

(BHP), terminated her employment in violation of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e-2 to 2000e-17. The district court granted

summary judgment in favor of BHP after determining that Ms. Nez, a Navajo,

failed to identify a material factual dispute suggesting that she was discharged

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

due to her race, gender, or in retaliation for her activities on behalf of female employees or that she was subjected to a sexually hostile work environment. Our review of the district court record confirms that entry of summary judgment was appropriate.[1]

I

Ms. Nez worked as an electrician for BHP Navajo Mine or related mines from 1990 through October 3, 2003. In the fall of 2000, Ms. Nez, as union steward, filed an unsuccessful grievance on behalf of a co-employee, alleging that the employee's supervisor, Darren Shondee, failed to treat the co-employee and other females with respect. Ms. Nez was transferred to an electrical crew in February 2002, under the supervision of Mr. Shondee. While supervising Ms. Nez, Mr. Shondee criticized her, harshly enforced work rules against her, and acted in an underhanded manner. At the same time, Mr. Shondee allegedly gave more favorable treatment to a female employee who was willing to spend time with him during and after work hours. Ms. Nez filed a harassment charge against Mr. Shondee with BHP. Although BHP took no action on the charge, in March 2003 it reassigned her to another crew supervised by James Smith.

---

[1]     In outlining the facts, we view the evidence in the light most favorable to Ms. Nez. *Baca v. Sklar*, 398 F.3d 1210, 1213 (10th Cir. 2005). However, we state only those facts essential to the resolution of the matters appealed to us. The district court's comprehensive memorandum opinion and order granting summary judgment provides a more detailed chronology of the events giving rise to this litigation. *See* R., Doc. 31.

While on Mr. Smith's crew, Ms. Nez ran afoul of BHP's attendance policy. BHP requires employees to prearrange with a supervisor proposed absences for reasons other than sickness or injury. A sick or injured employee must report a need to be absent in advance of the shift or as soon as possible afterwards. Three unexcused absences in a six-month period leads to a presumption of termination.

Ms. Nez was absent from work three times in a ten-day period in September 2003. She failed to report for a scheduled overtime shift on September 21 because she did not wish to work at a lower classification pay. Ms. Nez held the belief that, because she had volunteered for the shift, showing up was also voluntary. Next, on September 28 she notified a lead person, but not her supervisor, that she would not report for her scheduled shift because she had just become engaged to be married. Finally, on September 30 she did not show up for her scheduled shift or call to report off. The next day she came to work, but was sent home for medical reasons. While at work, she told her supervisor a personal issue prevented her from calling him. She subsequently submitted a note from a traditional medicine woman indicating that she had conducted ceremonies for Ms. Nez on September 30 and October 1 to alleviate symptoms related to emotional and physical stress.

BHP considered all three absences unexcused. In particular, her supervisor for the September 21 shift marked her as unexcused because working a scheduled overtime shift is required under the parties' collective bargaining agreement.

Mr. Smith also declined to accept Ms. Nez's reasons for her failure to call on September 30 about her regularly scheduled shift. On October 3, 2003, he decided to apply BHP's absenteeism policy and terminate her employment for three unexcused absences. At the time, he was unaware of Ms. Nez's efforts on behalf of women employees in pursuing the grievance against Mr. Shondee.

Through counsel, Ms. Nez brought this action claiming discriminatory discharge, sexual harassment, and retaliation. BHP filed a motion for summary judgment. Because Ms. Nez sought to prove her Title VII claims solely through indirect or circumstantial evidence, the district court analyzed the motion under the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

> *McDonnell Douglas* first requires the aggrieved employee to establish a prima facie case of prohibited employment action. . . . If the employee makes a prima facie showing, the burden shifts to the defendant employer to state a legitimate, nondiscriminatory reason for its adverse employment action. If the employer meets this burden, then summary judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual.

*Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005) (quotations and citation omitted).

To show pretext, a plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder

-4-

could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (quotation omitted). "Mere conjecture that the employer's explanation is pretext is insufficient to defeat summary judgment." *Id*. (quotation omitted).

Applying these standards, the district court concluded that Ms. Nez had established prima facie claims of race and gender discrimination, in that she belongs to a protected class, was qualified for her position, was discharged despite her qualifications, and her position was not eliminated after her discharge. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006) (setting out relevant prima facie case of discriminatory discharge). The court decided, however, that BHP had come forward with absenteeism as a legitimate, nondiscriminatory reason for the discharge and that Ms. Nez failed to create a triable issue of fact as to whether this reason was pretextual. Thus, Ms. Nez did not satisfy the third step of the *McDonnell-Douglas* framework.

Turning to Ms. Nez's claim of unlawful retaliation, the court noted that Mr. Smith, the supervisor who made the termination decision in 2003, was unaware of her efforts in 2000 to modify Mr. Shondee's treatment of women. In the absence of evidence indicating a causal connection between the adverse action and the protected activity, Ms. Nez had failed to establish a prima facie case of

-5-

retaliation.  *See Argo,* 452 F.3d at 1202 (explaining prima facie retaliation case includes a showing "(1) that [plaintiff] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action").

Finally, the district court determined that Ms. Nez had not provided evidentiary support for her claim of a sexually hostile work environment.  None of the alleged harassment incidents were gender-based, as required for this type of claim under Title VII.  *See Harsco Corp. v. Renner,* 475 F.3d 1179, 1186 (10th Cir. 2007)  ("[T]he harassment must be because of the plaintiff's sex.").  Moreover, the claim was not advanced by allegations of Mr. Shondee's favoritism toward a more compliant female employee.  *See Taken v. Oklahoma Corp. Com'n,* 125 F.3d 1366, 1369-79 (10th Cir. 1997) (stating that Title VII prohibits gender discrimination, but not disfavor based on supervisor's ties with another employee).

Based on its conclusions, the district court issued an order granting BHP's summary-judgment motion and entered judgment in favor of BHP.  Ms. Nez appealed, proceeding pro se in this court.

II

We review the district court's grant of summary judgment de novo.  *Young v. Dillon Co.,* 468 F.3d 1243, 1249 (10th Cir. 2006).  Summary judgment is

-6-

proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In her appellate brief, Ms. Nez raises five issues that she wishes this court to consider. These arguments, however, are based on documents attached to her brief but not presented to the district court in its adjudication of the summary judgment motion.[2] Under this court's clear precedent, "[o]ur examination on

---

[2] The newly raised evidence and corollary arguments include:

(1) A document reporting that Ms. Nez was making progress on mental health issues under a traditional healing approach endorsed by BHP. According to Ms. Nez, BHP failed to produce this document, which shows that the BHP human resources department "could have stopped [her] termination if they would have acknowledge[d] receipt of this documentation," Aplt. Br. at 5.

(2) An absence or tardiness form, signed by a non-supervisory employee, indicating Ms. Nez had called in sick on March 11, 2002, and that her absence was excused. Ms Nez argues that this "documentation affirms that lead persons do . . . have the authority to excuse an absence." *Id.* at 6.

(3) Documents allegedly showing her calls to a lead person about her September 28 absence. *Id.* at 7.

(4) A document relating to the proper form of notices concerning discipline for absenteeism. Ms. Nez does not make an explicit argument about the significance of the document. *Id.* at 6.

(5) A copy of a BHP classified advertisement seeking applications for a maintenance electrician position. Most of Ms. Nez's argument concerning

(continued...)

-7-

review is confined to an examination of materials before the lower court at the time the ruling was made. We will not reverse the grant of summary judgment based on evidence not before the district court." *Lantec, Inc. v. Novell, Inc.,* 306 F.3d 1003, 1022 (10th Cir. 2002) (quotations omitted); *see also* Fed. R. App. P. 10(a) (stating that the record on appeal consists of the papers and exhibits filed in the district court; transcript of proceedings, if any; and a certified copy of the docket entries prepared by the district court). Although Ms. Nez is a pro se appellant and entitled to have her filings construed liberally, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quotation omitted). We are constrained from considering Ms. Nez's appellate arguments.

Moreover, we have carefully examined the district court record. After our de novo review, we conclude that the district court's order of July 19, 2005 applied the proper standards, conducted an appropriate analysis, and reached the correct result. Accordingly, we affirm for substantially the reasons given by the district court and summarized above.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

_____

[2](...continued)
this document has been redacted pursuant to this court's order of August 18, 2006. *Id.* at 7.