**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES W. ANDERSON,

       Plaintiff-Appellant,

v.

OKLAHOMA STATE UNIVERSITY
BOARD OF REGENTS,

       Defendant-Appellee.

No. 08-6249
(D.C. No. 5:07-CV-01242-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

Charles W. Anderson appeals the district court's grant of summary

judgment in favor of his former employer, Oklahoma State University (OSU),

on his complaint that he was terminated from his employment in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 to 2000e-17.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The district court ruled that Mr. Anderson did not establish a prima facie case of prohibited retaliation or age discrimination because he did not present any evidence that he opposed a practice made unlawful by Title VII or that his employer intended to discriminate against him because of his age. On appeal, Mr. Anderson challenges only the denial of his retaliation claim. We affirm.

Background.

Mr. Anderson was employed by OSU as the Assistant Director of the Center for Local Government Technology (CLGT). His supervisor was Michael Hughes, the Director of CLGT. In 2003, Mr. Anderson told several OSU officials that he believed Mr. Hughes was having an affair with a female employee, Ms. Kiner; that Mr. Hughes was treating Ms. Kiner more favorably than others, and that he and other employees, both male and female, found Ms. Kiner hard to work with. OSU investigated and concluded that Mr. Hughes and Ms. Kiner were not having an inappropriate relationship in the workplace. Mr. Anderson alleges that after he reported the affair, he was not included in managerial meetings and felt excluded from involvement in department matters.

Mr. Anderson was terminated in July 2006. OSU contends Mr. Anderson was terminated as part of a reduction-in-force triggered by a loss of funding when the state legislature transferred responsibilities for a county training program from CLGT to another OSU department and college. Mr. Anderson contends that

the reduction-in-force was pretext for terminating him in retaliation for reporting Mr. Hughes's affair.

The district court ruled that Mr. Anderson's actions in complaining about Mr. Hughes's affair with Ms. Kiner and the alleged favoritism he showed her was not protected opposition to discrimination under Title VII. Because Mr. Anderson did not present evidence that he engaged in any protected opposition to discrimination, the district court ruled that Mr. Anderson failed to demonstrate a prima facie case of retaliation under Title VII. Mr. Anderson challenges that ruling on appeal.

Analysis.

"We review the district court's grant of summary judgment de novo." *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from the record in favor of the non-moving party." *Young*, 468 F.3d at 1249.

"Title VII contains an anti-retaliation provision that forbids an employer from discriminating against an individual because that individual 'has opposed any practice made an unlawful employment practice' by Title VII or because that

individual 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' pursuant to Title VII." *Pinkerton v. Colo. Dep't of Trans.*, 563 F.3d 1052, 1064 (10th Cir. 2009) (quoting 42 U.S.C. § 2000e-3(a)). At the summary judgment stage, "[t]o establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Id*. (quotation omitted). If the plaintiff establishes a prima facie case, it is the employer's burden to articulate a legitimate, nondiscriminatory reason for the adverse employment action; then the burden shifts to the plaintiff to demonstrate that the employer's asserted reason is pretextual. *Id*.

This circuit has ruled that "preferential treatment on the basis of a consensual romantic relationship between a supervisor and an employee is not gender-based discrimination." *Taken v. Okla. Corp. Comm'n*, 125 F.3d 1366, 1370 (10th Cir. 1997) (quotation omitted). We held that "Title VII's reference to 'sex' means a class delineated by gender, rather than sexual affiliations." *Id*. at 1369-70. Because the plaintiffs in *Taken* did not present any evidence that they were denied employment benefits because they refused sexual advances, were subjected to a hostile working environment, or otherwise were discriminated against because of their gender, their allegations that their supervisor selected his

-4-

paramour/employee for promotion because of their romantic relationship did not state an actionable Title VII claim because the favoritism was based on a voluntary romantic affiliation and not gender differences. *Id*. at 1370. Based on our holding in *Taken*, the district court ruled that Mr. Anderson's complaints about Mr. Hughes's affair with and favoritism towards Ms. Kiner did not constitute opposition to an employment practice made unlawful by Title VII.

On appeal, Mr. Anderson contends the district court erred in relying upon *Taken*, arguing that decision is distinguishable on its facts. First, he contends that he presented direct evidence that he was subjected to a hostile work environment as a result of his reporting of the affair, citing his claims that he was shut out of managerial meetings. This argument is simply a re-articulation of his retaliation claim; Mr. Anderson never argued or presented evidence to the district court that he was subjected to a hostile work environment, or was discriminated against, on the basis of his gender or any other protected classification under Title VII. Rather, evidence of his exclusion from department and managerial events and his termination relate to the adverse employment actions he alleges were taken in retaliation for his reporting of the affair. The plaintiffs in *Taken* also alleged adverse employment actions, but the dispositive issue here, as in *Taken*, is that the supervisor's affair and related favoritism are not, without more, actionable under Title VII.

Next, Mr. Anderson cites *King v. Palmer*, 778 F.2d 878 (D.C. Cir. 1985), which he argues held that a female employee who was passed over for a promotion in favor of another female employee who was having a sexual relationship with the male individual responsible for the promotion selection did state a Title VII claim. This court explicitly considered and rejected that interpretation of *King* in *Taken*, 125 F.3d at 1370, and we are bound to follow our circuit's precedent absent en banc reconsideration or a superceding contrary decision by the Supreme Court. *See United States v. Austin*, 426 F.3d 1266, 1278 n.4 (10th Cir. 2005). Moreover, a majority of circuits hold, consistent with *Taken*, that favoritism of an employee based upon a consensual romantic relationship is not actionable under Title VII. *Tenge v. Phillips Modern Ag Co.*, 446 F.3d 903, 910 (8th Cir. 2006); *Preston v. Wis. Health Fund*, 397 F.3d 539, 541 (7th Cir. 2005); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 (5th Cir. 2003); *Womack v. Runyon*, 147 F.3d 1298, 1300-01 (11th Cir. 1998) (per curiam); *Becerra v. Dalton*, 94 F.3d 145, 149-50 (4th Cir. 1996); *DeCintio v. Westchester County Med. Ctr.*, 807 F.2d 304, 308 (2d Cir. 1986).

Thus, the district court correctly ruled that Mr. Anderson's actions in reporting Mr. Hughes's affair and favoritism of Ms. Kiner did not constitute opposition to an employment practice made unlawful by Title VII. Because Mr. Anderson did not establish a prima facie case of prohibited retaliation

under Title VII, we need not address his arguments that he presented evidence of pretext.

The judgment of the district court is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge