**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRUCE PARKER,

        Plaintiff-Appellant,

v.

KEN SALAZAR, Secretary of
United States Department of Interior,

        Defendant-Appellee.

No. 10-8091
(D.C. No. 2:09-CV-00289-NDF)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL,** and **O'BRIEN**, Circuit Judges.

---

Plaintiff-appellant Bruce Parker worked for approximately twenty years for

the Bureau of Land Management (BLM). He appeals from the district court's

grant of summary judgment in favor of the Secretary of the Interior on his claims

that the BLM retaliated against him for reporting sex discrimination, in violation

of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and discriminated

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against him based on his disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791. We affirm.

The district court reviewed the facts in detail, and we need not repeat them all here. In December 2006, Mr. Parker and a coworker sent an email to an equal employment representative complaining about two coworkers who were having an affair. In February 2007, BLM was informed that Mr. Parker had been diagnosed with sleep apnea and diabetes, and that his illnesses could affect his work. He was later diagnosed with additional health problems. He resigned from his job in April 2009, after receiving a negative performance evaluation. In his complaint, Mr. Parker asserted a claim under Title VII alleging that the BLM had retaliated against him for reporting alleged sex discrimination, and a claim under the Rehabilitation Act alleging that the BLM had discriminated against him based on a disability caused by his multiple health problems.

"We review de novo a grant of summary judgment." Mata v. Anderson, 635 F.3d 1250, 1252 (10th Cir. 2011). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Based on our review, Mr. Parker's arguments on appeal are insufficient to overturn the grant of summary judgment.

The district court correctly stated that to establish a prima facie case of retaliation under Title VII, Mr. Parker must have been engaged in protected

activity, and so the alleged sex discrimination he had reported must have been gender-related, not related to sexual affiliations. Aplt. App., Vol. I at 12-16 (Conclusions of Law ¶¶ 6-15). In particular, the district court relied on our decision in Taken v. Oklahoma Corporation Commission, 125 F.3d 1366, 1369-70 (10th Cir. 1997). Aplt. App., Vol. I at 14 (Conclusions of Law ¶ 9). In Taken, we concluded that "Title VII's reference to 'sex' means a class delineated by gender, rather than by sexual affiliations" because the Supreme Court has specified that "Title VII [was] intended to eliminate disparate treatment of men and women[.]" Taken, 125 F.3d at 1370 (citing Los Angeles Dep't of Water & Power v. Manhart, 435 U.S. 702, 707 n.13 (1978)). The alleged sex discrimination Mr. Parker had reported, however, was that two coworkers were "'flaunt[ing] their affair before many who find their conduct "morally offensive."'" Aplt. App., Vol. I at 7 (Findings of Fact ¶ 2) (quoting Mr. Parker's email complaint, id. at 98).

Although Mr. Parker makes a passing reference to gender on page 20 of his opening brief, he neither discusses Taken nor marshals any evidence to show that he could reasonably have believed that he had reported sex discrimination, as that term is defined in the law. The evidence shows, rather, that BLM explained to him at the time—and he understood—that his complaint about his coworkers did not constitute prohibited discrimination. His failure to challenge the district

court's central legal holding on his retaliation claim compels us to affirm on this issue.

Likewise, Mr. Parker's argument on his disability discrimination claim is insufficient to overcome the grant of summary judgment. The district court correctly stated that to establish his prima facie case, Mr. Parker had the burden to "'articulate with precision' both his physical or mental impairment and the major life activity the impairment substantially limits." Id. at 17 (Conclusions of Law ¶ 20) (quoting Johnson v. Weld Cnty., 594 F.3d 1202, 1218 (10th Cir. 2010)). The court noted that Mr. Parker did not identify a major life activity he asserted was substantially limited. Id. at 18 n.1. The court analyzed the major life activities it deemed relevant, concluding that the record evidence of a good prognosis for all of his asserted impairments showed that he failed to meet his burden to show a substantial limitation in a major life activity. Id. at 18-21 (Conclusions of Law ¶¶ 21-31).

On appeal, Mr. Parker makes a vague argument, mentioning some major life activities, but never actually disputing that he did not identify a major life activity to the district court, and never marshaling the evidence to show that he was substantially limited in a major life activity. And as the district court noted, his medical evidence stops in 2007, but he did not resign until 2009. Id. at 21 (Conclusions of Law ¶ 30). His vague argument on appeal is insufficient to meet

-4-

his burden to articulate his claim "with precision" and overcome the grant of summary judgment. See Johnson, 594 F.3d at 1218.

We agree with the careful and thoughtful analysis of Judge Freudenthal, and affirm for the reasons stated in her September 22, 2010, Findings of Fact, Conclusions of Law and Order Granting Defendant's Motion for Summary Judgment.

AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge