# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

No. 22-60411
Summary Calendar

Gwendolyn Gray; Clell O. McCurdy,

*Plaintiffs—Appellants*,

*versus*

Mississippi Department of Rehabilitation Services,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-cv-710

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiff-Appellants, Gwendolyn Gray and Clell McCurdy, appeal the dismissal of their Title VII race-discrimination claims against Defendant-Appellee, Mississippi Department of Rehabilitation Services ("MDRS"). We conclude that the district court did not err and AFFIRM.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-60411

## I. BACKGROUND

MDRS is a state agency that provides services to individuals with disabilities. Plaintiff Gwendolyn Gray, an African American woman with a master's degree in counseling psychology, began working at MDRS in 2016. Gray was hired as a DRS-Counselor II with a starting salary of $29,415.81. In 2019, Gray was promoted to a DRS-Counselor III, increasing her salary to $32,392.14. Also in 2019, the state legislature approved a salary increase for state employees that raised Gray's salary by three percent. Later in 2019, MDRS recommended Gray for a five percent salary increase, which raised her salary to $35,032.09.

Plaintiff Clell McCurdy, an African American man with a master's degree in rehabilitation counseling, began working at MDRS in 2017. McCurdy was also hired as a DRS-Counselor II with the same starting salary as Gray. In 2018, McCurdy was promoted to a DRS-Counselor III, with a salary of $32,392.14. Also in 2018, McCurdy received a five percent salary increase after reaching an educational benchmark. Finally, in 2019, McCurdy's salary was raised to $34,983.50 as a result of the legislative adjustment.

In 2018, MDRS Executive Director Chris Howard hired John Williamson, a white male with a bachelor's degree. Howard had a relationship with Williamson and his family that predated Williamson's employment with MDRS. Howard testified that he recruited Williamson because he already "knew" him, and believed that Williamson's passion of working with high school kids would benefit the "greater emphasis" that MDRS placed on providing high school students with preemployment transition services. Howard hired Williamson as a "DRS-Performance Auditor I," with a starting salary of $39,930. Although Williamson performed the same duties as plaintiffs, Howard testified that he gave

2

No. 22-60411

Williamson a different title and salary because he knew Williamson would not accept a pay cut from his prior job at another state agency where he was earning $36,176.62.

In 2019, plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiffs thereafter filed the instant Title VII[1] action asserting that MDRS discriminated against them on the basis of race by paying Williamson a higher salary for the same work even though plaintiffs had superior qualifications. The district court granted summary judgment for MDRS. Plaintiffs timely appealed.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo.[2] Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] Because plaintiffs rely solely on circumstantial evidence, we evaluate their claims of discrimination under the *McDonnell Douglas*[4] burden-shifting framework.[5] Under that framework, to make out a prima facie case of pay discrimination, "a plaintiff must show that he was a member of a protected class and that he was paid less than a non-member for work requiring substantially the same responsibility."[6] If the plaintiff

---

[1] Plaintiffs also brought claims under 42 U.S.C. § 1981. The district court granted MDRS's motion for summary judgment on plaintiffs' § 1981 claims, and plaintiffs do not challenge that decision on appeal.

[2] *Ross v. Judson Indep. Sch. Dist.*, 993 F.3d 315, 321 (5th Cir. 2021).

[3] Fed. R. Civ. P. 56(a).

[4] *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

[5] *Ross*, 993 F.3d at 321.

[6] *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008) (citing *Uviedo v. Steves Sash & Door Co.*, 738 F.2d 1425, 1431 (5th Cir. 1984)).

establishes a prima facie case, the burden shifts to the defendant to offer "'a legitimate non-discriminatory reason' for the pay disparity."[7]  At this stage, the defendant's burden is one of "production, not persuasion," and "involve[s] no credibility assessment."[8]  If the employer meets its burden, "the presumption of discrimination dissipates," and the burden shifts back to plaintiff to show that the employer's rationale is merely a pretext for discrimination.[9]  "To carry that burden, the plaintiff must produce substantial evidence of pretext."[10]  A plaintiff may do so by showing that a discriminatory motive more likely motived her employer's decision, or that her employer's "explanation is unworthy of credence."[11]

The parties do not dispute that each plaintiff established a prima facie case of discrimination.  Therefore, the burden shifted to MDRS to come forward with legitimate nondiscriminatory reasons for the pay discrepancy.  To meet this burden, MDRS relied on their Executive Director's testimony that he awarded Williamson a higher salary because of his preexisting relationship with Williamson, his belief that Williamson's interests would make him a good recruit for a transitional counselor position, and because he knew that Williamson could not take a salary cut from his prior salary at

---

[7] *Id.* (quoting *Ross v. Univ. of Tex. at San Antonio*, 139 F.3d 521, 525 (5th Cir. 1998).

[8] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000) (internal quotation marks and citation omitted); *see also Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993) ("The employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be.").

[9] *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (citations omitted).

[10] *Id.* at 220 (quoting *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

[11] *Id.* (quoting *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581, 589 (5th Cir. 1998).

No. 22-60411

another state agency. The district court correctly concluded that these are legitimate nondiscriminatory reasons for the pay disparity.[12] Specifically, MDRS's proffered reasons are facially nondiscriminatory.

The burden then shifted to plaintiffs to rebut these legitimate reasons. To meet this burden, plaintiffs assert that summary judgment is inappropriate because MDRS's proffered reasons are based on Howard's state of mind, and that a jury, not the court, must weigh the credibility of Howard's testimony to determine whether his justification is pretextual.

Plaintiffs' conclusory assertion, absent any evidence of discrimination, is insufficient to carry plaintiffs' burden that the reasons offered by MDRS are a pretext for discrimination.[13] As stated above, plaintiffs must show that their employer's decision was more likely motivated by discrimination, or that their employer's explanation is unworthy of credence.[14] Here, plaintiffs have provided no evidence to cast doubt on the veracity of Howard's testimony, nor have they pointed to any evidence that

---

[12] *See McDaniels v. Plymouth-Canton Cmty. Schs.*, 755 F. App'x 461, 470 (6th Cir. 2018) ("An employer may also make hiring decisions based on its familiarity and personal relationships with candidates."); *Taken v. Okla. Corp. Comm'n*, 125 F.3d 1366, 1370 (10th Cir. 1997) ("Favoritism, unfair treatment and unwise business decisions do not violate Title VII unless based on a prohibited classification." (citing *EEOC v. Flasher Co.*, 986 F.2d 1312, 1319 (10th Cir. 1992))); *see also Penney v. AIG Domestic Claims, Inc.*, 04-9071, 2007 WL 541711, at *8 (S.D.N.Y. Feb. 20, 2007) (finding that plaintiff could not rebut her employer's legitimate nondiscriminatory reason that it paid her co-worker a higher salary based on his previous salary).

[13] Plaintiffs' reliance on *Reeves* is inapposite. Unlike the plaintiff in *Reeves* who "made a substantial showing that [his employer's] explanation was false" by offering "evidence that he had properly maintained the attendance records," plaintiffs have presented no evidence that would cast doubt on the reasons given by MDRS. *See Reeves*, 530 U.S. at 144-46 (finding that plaintiff presented evidence at trial that cast doubt on his employer's assertion that plaintiff was fired because of his poor work performance and recordkeeping).

[14] *Wallace*, 271 F.3d at 220.

No. 22-60411

MDRS's salary decisions were racially motivated.[15]  Absent such evidence of pretext, the fact that an employer relied on specific "subjective reasons for its personnel decisions" is insufficient to create a genuine issue of material fact regarding pretext.[16]

Accordingly, we AFFIRM the district court's summary judgment in favor of MDRS.

---

[15] *See EEOC v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984) ("[P]retext cannot be established by mere 'conclusory statements' of a plaintiff who feels he has been discriminated against." (quoting *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 566 (5th Cir. 1983)).

[16] *See Patrick v. Ridge*, 394 F.3d 311, 317 (5th Cir. 2004) (explaining that an employer may "rely on subjective reasons for its personnel decisions" as long as the employer "articulate[s] in some detail a more specific reason than its own vague and conclusional feelings about the employee"); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 616 (5th Cir. 2007) ("It is inconceivable that Congress intended anti-discrimination statutes to deprive an employer of the ability to rely on important criteria in its employment decisions merely because those criteria are only capable of subjective evaluation." (quoting *Chapman v. Al Transport*, 229 F.3d 1012, 1034 (11th Cir. 2000))).